which is the United States v. Juan Fletcher Gordillo. May it please the court, Fred Hedden on behalf of the appellate. This is a single-issue appeal from a sentencing guideline issue with an enhancement as it worked for the defendant's possession of a semi-automatic rifle that was capable of accepting a large-capacity magazine. I know since the court has reviewed the facts and the briefs that there are no cases on point as to what close proximity means in the instance of a simple issue of possession of the firearm. In this instance the firearm was located in a locked gun case at the head of the a bed as it were a gunpoke bed that contained magazines that were empty but there were that far away. Can you help me with the facts just a little bit more Mr. Hedden. I understand that the firearm was in a case the case was locked and as you say the locked case was at the foot of the bed or the head of the bed the head of the bed. Do we know whether the case was a leather case whether it was a vinyl case whether it was a metal case whether it was a plastic case do we know anything about the nature of the lock? We know this record and this record I believe the policemen testified in cross-examination by Mr. Cullen that it was a hard case that would necessarily lead me to I know a little bit about guns that it would be either a fiberglass case or a metal case because a hard case only comes in certain ways if you think of a ski case or something like that it would be something that was hard. He did say the agent that the clips were there it was a lock whether it had padlocks on it I don't know but the in the record is established that at least it was uh if you have those clip locks like you would on a case like that it was locked. Do we know anything about the lock itself? No sir that was not established just that it was a flip locks and I assume it was and that's just an assumption that it was a lock on the top and the bottom since it would be a standard gun case in AK-47s right a little shorter than most guns but a long rifle. And the bag was a leather bag with no lock on it? The leather was a leather bag with no lock I would note from the record since the court's in the record and I know this ruled in U.S. versus Williams it doesn't matter there was no ammunition for the gun uh the policeman testified they found nine millimeter pistol info pistol ammo there was no suggestion that any ammunition was found for the gun. But that wouldn't matter? I'm sorry sir? That wouldn't matter for our purposes? Not under your case in Williams correct? We're all bound by it right or let me ask you a question this way why when we look at what the term close proximity means there's no definition correct the guidelines why ought we not give it the normal definition that we might commonly understand that to mean which would mean that when we speak of proximity we're talking about both space and time that is to say how far away and how long to get access shouldn't we understand close proximity to be bounded by the distance and the ready accessibility how long it might reasonably take and be done with it and use that as a general definition and then ask whether or not this was closely proximate? Well obviously uh there's not much on it because both of our arguments were about four pages long because the cases are the two cases to touch upon it found close proximity my argument would be as with some I pretty much raised by law is close proximity in essence equates to facilitation ability to get to it I mean that's accessibility I mean accessibility yeah accessibility and if you have to go unlock a case go to another bag to get a to get a the magazine I know the court the court's decision say it doesn't matter whether or not it's loaded but when you think of it in the abstract it's still only a gun that's capable of accepting the the reasoning behind any of the guidelines for guns enhancements is because the inherent nature of of guns such as in the drug cases in every court where proximity can be across the street in this case when you think about it the gun in and of itself and not facilitating any other crime or even a let guess my question is even if I agree with you that the drug analogy is not a very good one I agree because that's in connection with it's the objects are different the language is different arguably the purpose is different and all I'm walking looking to is whether the firearm and the clip and the ammunition were in close proximity why wouldn't this be close proximity defining it in terms of time and space by space I mean accessibility one is at the head of the bed one is at the foot of the bed if all I needed was a key to unlock the gun case and all I had to do is go into the bag to take the clip and stick it into the semi-automatic weapon why isn't that close proximity um I would say under that argument it could be anywhere I would suggest to the court well no I don't think it could be anywhere let's just suppose you had two apartments on a floor and there were two bedrooms that were just divided by a wall and in one bedroom in one apartment was the the firearm and in another bedroom behind the wall in a different apartment were the magazine clip I even though it's close it certainly isn't accessible and I think you'd have a much more powerful argument in that circumstance but if it's in the same room resting against the same bed one in the front one in the back I'm hard-pressed to see why that wouldn't be closely proximity maybe I'm missing it I don't know I was trying to think all night of what the question would be from this court from you particularly about that issue and all I can say to the court is this is that I understand spatially the different the distinction of the wall because it wouldn't be as readily accessible I'm submitting to the court at least as our argument in a case with a lock is the same as being behind the wall and and that and I mean that's the argument I have to make that that is the only reasonable argument under the circumstance if the defendant wanted it to be readily accessible it wouldn't have had them separated and locked in separate cases oh excuse me the gun bag wasn't locked but a locked box for the gun so I think that's just that's a spatially different as having it apartment wall isn't one way of looking at this case what trying to envision what the defendant would do if he needed the gun and here is a question of unlocking the case and then finding the magazine and attaching the magazine to the gun and what the time time frame would be for that and it seems to me that that that could be done in a matter of 10 seconds it seems to me you unlock it and then go magazine it uh and we do have a room here right because by there was some conflict confliction in the testimony but I think we can all safely say that even the defendant agreed that we were talking about no more than 10 feet correct so that's the that's that's really what what we're talking about here in the same room uh with um a relatively short period of time to to uh put the two pieces together I can't disagree with you as we as we all know there's no decision on it no I understand that and and uh it's going to be what the court determines on a gun that is not involved in any other criminal activity what close proximity means for purposes of such an enhancement of that type and whether or not a separation of the two because neither standing alone it's illegal neither the weapon nor the magazine it's only the status of the person what what close proximity means and of course that's why we're before this court so um I can't say anything else I mean if there's a court this is something the court has to decide as to what those proximities thank you thanks very much Mr. Hendon may it please the court stephanie hauser on behalf of the united states of america with me at council table is anita white assistant united states attorney who handled this matter before the district court this is a relatively simple case about whether or not a distance of eight to ten feet is close proximity I do want to address something about the factual record here while there was testimony from the defendant that the gun itself had a gun lock there is actually no record evidence that the case itself was locked or that the bag was locked as well based on these facts in this case draw the distinction for me would you between whether the case and the gun lock what so the gun a gun lock was on it was a lock on the gun itself correct you see and not the case itself and there is I'm sorry I'm confused factually what we have here I thought the record evidence was the semi-automatic weapon was in a gun case and the case itself was locked I believe the testimony that I misunderstand that I believe so your honor okay I believe the gun itself tell me what the evidence is and where I'm going to find it it was in the defendant's testimony at the sentencing hearing and I say on page 22 of that hearing that the the argument of counsel for the defense was my argument is when a gun is in a possibly locked case and it is a locked gun I don't think correct your honor so the answer is it's quote a possibly locked case and there's a lock on the gun correct and I would also point out that there is no evidence here the defendant himself could not have unlocked the gun or even the case had it been locked it's in the PSR that he would go to the gun range use both of these use the weapon with the magazines and so there is no real accessibility issue on these facts how do we look at what kind of meaning do we give to the term close proximity it's not the commitment in the guidelines I think we give it its plain definition which is as you said earlier is you know near in space and time and distance so it's not enough that it's just close in the sense of space it's got to be accessible I think there are because you make an argument that suggests maybe something a little bit different than that I think on these facts distance alone is sufficient because we do not have any dispute that the defendant could that he was not in possession of both the firearm and the magazine so here I think distance would be sufficient it's a distance of 8 to 10 feet in other factual circumstances you know the court might want to look at other factors in terms of accessibility I know you gave the apartment example previously I think if both are locked and defendant doesn't have a key to the other apartment that distance there might not be enough but what if he does have the key and in that instance he would be able to get access so you think it's like the circumstances of the drugs and the gun so you cite that as an analog he says well it isn't a very good one for a lot of reasons not the least of which is the language is different they were talking in connection with we're talking about really facilitating the drug crime absolutely I think the difference there actually is in the guns and drugs circumstance it's a higher burden because there the court would have to find that the defendant was in possession of or selling drugs and that would potentially be able to use the weapon to facilitate that so now we're talking about accessibility and I think the language is easily retrievable in those cases so you could actually use the gun for either protection or enforcement or whatnot in connection with selling drugs here the close proximity is asking is the firearm within close proximity of the magazine that actually doesn't it's not asking whether the defendant is in close proximity to either of how or why or in connection with anything that the defendant would be using this firearm well then you're talking now about not about accessibility or time really so much as just distance is that correct yes but I bet but I thought proximity also also covered time your original motion yes I think I think time could be a factor I'm saying on the time the time is just to go between the two or is it the time to actually extract the gun and be able to and to be able to put the magazine in it you follow me it's not just the time to cover the space it's the time to do what you would want to do with the gun yes correct so the critical question is judge walker's asking you is is it readily accessible under these facts I believe no but is that relevant in formulating a test yes we're as you can see we're trying to think of if we were to write this opinion how would we write the opinion in a way that would make sense not just in this case but in future cases yes I understand I do if you have a situation presumably uh it's important that he'd be able to unlock them if it's locked in a locked case we couldn't just write an opinion and say well it was a locked case but it's close to the to to the uh magazine and therefore it's okay we would have to say and the defendant had the ability to unlock unlock the gun uh because if the lock was in in a different town uh there wouldn't be accessibility I think we also um should consider that the the lock on the gun itself um also goes to whether or not the gun is in fact operable and we look at the united states versus davis case out of the eighth circuit which was cited in the appellant's brief that's a published opinion in that case the eighth circuit held that a matter of temporary inoperability in that case the gun was actually missing its trigger um is actually not relevant to the analysis of course right we don't have that problem here mr haddad is not suggesting the and the district judge would have heard that if there are no further questions um we'd ask you to affirm thank you thank you very much at all with respect I don't think I need to respond anymore the court has the issues better thank you much mr haddad thank you thank you counselor